**SO ORDERED.**
**SIGNED this 31st day of May, 2013**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

In re:

ROY BRAXTON LEPARD                                  No. 12-14219
CHARLOTTE ANNETTE LEPARD,                           Chapter 13

       Debtors.

Appearances:

Richard L. Banks, Richard Banks & Associates, P.C., Cleveland, Tennessee, for the Debtors

United States Bankruptcy Court
Judge Shelley D. Rucker

1

**MEMORANDUM AND ORDER**

In support of its ruling, the court makes the following findings of fact and conclusions of law based on Fed. R. Bankr. P. 7052 made applicable to contested matters by Fed. R. Bankr. P. 9014. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(2)(B).

**I.    Facts**

Galaxy Asset Purchasing, LLC ("Claimant"), through its servicer, Quantum3 Group, LLC ("Servicer") filed proof of claim no. 13 for $8,571.06 on October 4, 2012.  The proof of claim reflects that the basis for the debt was an account with First Union National Bank with an account number ending in 1857.   The Claimant attached a one page statement that provides an account number, the amount of the debt, and the charge-off date of April 18, 1996.  The statement shows First Union National Bank as the original creditor.  The last transaction date is not provided.  The statement has no separate signature which would indicate who is representing these facts.  The proof of claim represents that Servicer is the agent for Claimant.   No writing evidencing the transfer of ownership of the claim from First Union National Bank to Claimant, and no servicing agreement are attached to the proof of claim.  It reflects that there is a total balance due of $8,571.06.  The account principal is $3,398.88 and the account interest and/or fees are $5,172.18. It also contains a legend at the bottom which states:

> Credit Card Accounts
> The Rules Committee acknowledged regarding F. Rule Bankr. P. 3001:
> > Under the federal records retention policies for financial
> > institutions, credit card records generally need to be retained
> > for only two (2) years. Furthermore, account information is
> > usually stored in an electronic format, and it may not be

2

> practicable to reproduce a duplicate of an account statement…that if there is a less burdensome way for a creditor to provide the information needed to assess the validity of its claim, the rule should not consist (sic) on an exclusive, more costly, means of providing such information.
>
> September 2010 Report to the Judicial Conference, page 12. Since the enactment of the eGovernment Act of 2002, a vast majority of credit card applications are entered into over the phone or via the internet without requiring a physical signature from the individual. The other possible writing reflecting the account holder's signature consists of the signed plastic card, which is in the holder's possession, and the numerous sales receipts, which are in the possession of third party merchants. Third party merchants generally keep the sales slips for a short period of time in the event the account holder disputes the transaction with the creditor card company.
>
> . . . .
> Notes Regarding Itemization
> 1. For credit card accounts, in which interest/fees is folded into principal, if the account has been charged-off prior to the bankruptcy filing date, the balance principal may be the charged amount.
> 2. For credit card accounts, in which interest/fees is folded into principal, if the account has been charged-off prior to the bankruptcy filing date, the balance interest may be the interest accrued after the charged-off date. . . .
> 3. The total balance is the liquidated amount due and owing at the time of bankruptcy filing date.

The Debtors have not listed First Union National Bank, the Servicer, or the Claimant in their schedules. On December 6, 2012, the Debtors filed their objection to the proof of claim and served the Claimant, providing 30 days' notice of the hearing.

In their objection, the Debtors allege that the claim should be disallowed because:

 (a) the claim is time barred from collection by the applicable statute of limitations;

 (b) the interest and fees incurred prepetition are not itemized as required by Fed. R. Bankr. P. 3001(c)(2)(A);

3

    (c)(1) the documentation as to ownership of the claim is not attached;

      (2) the power of attorney authorizing Claimant to file the claim is not attached; and

    (d) the Debtors did not schedule the claim and dispute it.

The Debtors seek disallowance of the claim in its entirety.

    The hearing on the objection was set originally for January 17, 2013 but was continued to March 14, 2013. At a status conference on February 12, 2013, the court requested briefs in support of the Debtors' objection. In their Brief the Debtors argue that the failure to provide supporting documentation raises a legal argument as to "standing/real party in interest." Debtors' Brief in Support of Their Objections to Claim No. 12 and Claim No. 13 Filed by Quantum3 Group LLC As Agent for Galaxy Asset Purchasing LLC, 4, ECF No. 58 ("Brief"). They also argue that the failure to attach a power of attorney raises legal issues of standing, real party in interest and the validity of the agency relationship. No response has been filed and no one appeared on the Claimant's behalf at the hearing held on March 14, 2013. At the March 14, 2013 hearing, the Debtors' attorney announced the withdrawal of all objections except lack of documentation as to ownership of the claim.

    The Debtors filed a Supplemental Brief on April 5, 2013. Supplemental Brief in Support of Debtor's [sic] Objection to Claim and Request that Court Take Judical [sic] Notice of Disallowance of Similar Claims In This Court, Apr. 5, 2013, ECF No. 68. It included a spreadsheet referencing over 200 proofs of claim which had been disallowed or were under consideration in three divisions of the United States Bankruptcy Court for the Eastern District of Tennessee. Of these, approximately 63 had been filed by Quantum3. The spreadsheet was filed in support of the Debtors' contention that all of these claims were filed without the

4

documentation required by Bankruptcy Rule 3001(c) and are detrimental to the administration of Chapter 13 plans in the system.

## II. Analysis

The Debtors argue that the failure of the Claimant to attach supporting documents which reflect its ownership of the claim or the executing party's standing to sign the proof of claim are violations of Fed. R. Bank. P. 3001(b) and (c)(1). Since that rule requires the attachment of supporting documents, they argue that the failure to attach any written documents supporting the Claimant's standing as owner of the claim or evidencing the filer's representative authority to execute the proof of claim deprives the proof of claim of the evidentiary presumption that the claim is valid and is owed in the amount stated in the proof of claim. Fed. R. Bankr. P. 3001(e). Without that presumption, the Debtors urge the court to look directly to state law to determine whether the Claimant has the burden of proof to "show an unbroken chain of assignment." Brief at 7. If the Claimant has that burden, then the proof of claim should be disallowed as "insufficient on its face." They contend that requiring more from the Debtors inappropriately shifts the burden of proof to them and lightens the burden for the Claimant to a level below what state law imposes. Finally, the Debtors urge the court to adopt a rule requiring appropriate documentation in order to impose a burden on the creditors to discourage the filing of large numbers of claims which the creditors do not defend and which are ultimately disallowed. The Debtors note that 98% of the claims on the spreadsheet were disallowed.

The court finds there is support for most of the Debtors' argument, but it is the minority view. *In re Richter*, 478 B.R. 30 (Bankr. D. Colo. 2012). Because the Sixth Circuit has signaled its approval of the majority view, the court must reject the Debtors' argument. *B-Line,*

5

*LLC v. Wingerter (In re Wingerter)*, 594 F.3d 931, 941 (6th Cir. 2010). An allegation of lack of documentation is not a valid objection even if the Debtors re-characterize it as an objection to standing.

> A valid objection to standing must raise a factual dispute about who is the holder of the claim. The Debtors must allege that, to the best of their knowledge, information, and belief, either (a) they owe someone else or (b) they do not owe the obligation at all. In addition the court does not find support for holding otherwise based on the Debtor's desire to impose a heavier burden on creditors in order to lighten the Debtors' burden to review the proofs of claims which have been filed, especially when the burden is imposed by the Bankruptcy Code and Rules.

*In re Gorman*, No. 10-16622, 2013 WL 2284985, at *3 (Bankr. E.D. Tenn. May 23, 2013). Although the Debtors raised four objections to the proof of claim filed by the Claimant, they withdrew three of them at the hearing on March 14. The only objection they continued to assert was the objection based on the Claimant's failure to attach documentation evidencing how it became the owner of the claim.

For the reasons stated in the court's Memorandum in *In re Gorman*, No. 10-16622, 2013 WL 2284985, at *5-7 (Bankr. E.D. Tenn. May 23, 2013), which case was argued contemporaneously with this objection, the court finds that the proof of claim is not entitled to be considered prima facie evidence of the amount and validity of the claim. The Claimant has not provided supporting documents evidencing the underlying debt or the assignment to Claimant. The court finds the general explanation of the federal retention policy offered for the loss or lack of documentation for this particular case is insufficient to explain why there are no records for this particular debt. Nevertheless, the only basis for disallowance raised by the Debtors was the lack of documentation evidencing the Claimant's standing, and that is not a valid basis for

disallowance of the proof of claim under 11 U.S.C. § 502(b). *In re Gorman*, No. 10-16622, 2013 WL 2284985, at *10-13 (Bankr. E.D. Tenn. May 23, 2013). The court will overrule the Debtors' objection based on failure to attach documentation showing that the Claimant is the holder of the claim. Because the Debtors requested an opportunity to renew their withdrawn objections in the event the court overruled their objection based on lack of documentation and because the Debtors did raise the statute of limitations as a defense, the court will grant that request.

Accordingly, it is ORDERED:

1. The Objection by Debtor(s) to Claim No. 13 Filed by Quantum3 Group LLC as Agent for Galaxy Asset Purchasing LLC, with respect to the failure to attach documentation showing the Claimant as holder of the claim is overruled.

2. The Debtors are afforded fourteen days to amend or renew their objection, failing which the objection shall be overruled without prejudice.

# # #