**SO ORDERED.**
**SIGNED this 31st day of May, 2013**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_Shelley D. Rucker_
Shelley D. Rucker
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

In re:

ROY BRAXTON LEPARD                                    No. 12-14219
CHARLOTTE ANNETTE LEPARD,                            Chapter 13

         Debtors.

Appearances:

Richard L. Banks, Richard Banks & Associates, P.C., Cleveland, Tennessee, for the Debtors

United States Bankruptcy Court
Judge Shelley D. Rucker

1

## MEMORANDUM AND ORDER

In support of its ruling, the court makes the following findings of fact and conclusions of law based on Fed. R. Bankr. P. 7052 made applicable to contested matters by Fed. R. Bankr. P. 9014. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157 (b)(2)(B).

### I.     Facts

CVF Consumer Acquisition Company, its successors and assigns as assignee of NCO Portfolio Management ("Claimant"), through its servicer, Resurgent Capital Services ("Servicer") filed proof of claim no. 8 for $3,453.51 on September 5, 2012.  The proof of claim contains a power of attorney that authorizes the Servicer to act on behalf of the Claimant in filing the claim.   The proof of claim contains no information concerning the original creditor other than a reference to an account ending in 3758.   The documentation which created the obligation between the Debtors and the original creditor is not provided.  There is no documentation or history provided as to how Claimant came to be the holder of the claim.  The Claimant attached a one page statement reflecting a charge-off date of May 16, 1997.  The last transaction date is not provided.  The statement has no separate signature which would indicate who is representing these facts.  The statement indicates interest and fees are $0.00.

On December 19, 2012, the Debtors filed an objection to the proof of claim and served the Claimant, providing 30 days' notice of the hearing.   The Debtors have not listed either the Servicer or the Claimant in their schedules.  In their objection, the Debtors allege that the claim should be disallowed because:

(a) The claim is time barred from collection by the applicable statute of limitations;

2

(b) The interest and fees incurred prepetition are not itemized as required by Fed. R.

Bankr. P. 3001(c)(2)(A);

(c) The documentation as to ownership of the claim is not attached;

(d) The Debtors did not schedule the claim and dispute it. Furthermore, the proof of

claim reflects the debtor as "Charlotte Summers" which is not the name of either

debtor, according to their petition.

The Debtors seek disallowance of the claim in its entirety.

The hearing on the objection was set originally for January 31, 2013 but was continued

to March 14, 2013.  At a status conference on February 12, 2013, the court requested briefs in

support of the Debtors' objection.  In their Brief the Debtors argue that the failure to provide

supporting documentation raises a legal argument as to "standing/real party in interest."

Debtors' Brief in Support of Their Objections to Claim No. 8 and Claim No. 9 Filed by

Resurgent Capital Services, 4, ECF No. 57 ("Brief").  No response has been filed and no one

appeared on the Claimant's behalf at the hearing held on March 14, 2013.  At the March 14,

2013 hearing, the Debtors' attorney announced the withdrawal of all objections except lack of

documentation as to ownership of the claim.

The Debtors filed a Supplemental Brief on April 5, 2013.  Supplemental Brief in

Support of Debtor's [sic] Objection to Claim and Request that Court Take Judical [sic] Notice of

Disallowance of Similar Claims In This Court, Apr. 5, 2013, ECF No. 68.  It included a

spreadsheet referencing over 200 proofs of claim which had been disallowed or were under

consideration in three divisions of the United States Bankruptcy Court for the Eastern District of

Tennessee.  Of these, approximately 39 had been filed by Resurgent Capital Services.  The

3

spreadsheet was filed in support of the Debtors' contention that all of these claims were filed

without the documentation required by Bankruptcy Rule 3001(c) and are detrimental to the

administration of Chapter 13 plans in the system.

## II.        Analysis

The Debtors argue that the failure of the Claimant to attach supporting documents which

reflect its ownership of the claim or the executing party's standing to sign the proof of claim are

violations of Fed. R. Bank. P. 3001(b) and (c)(1). Since that rule requires the attachment of

supporting documents, they argue that the failure to attach any written documents supporting the

Claimant's standing as owner of the claim or evidencing the filer's representative authority to

execute the proof of claim deprives the proof of claim of the evidentiary presumption that the

claim is valid and is owed in the amount stated in the proof of claim.  Fed. R. Bankr. P. 3001(e).

Without that presumption, the Debtors urge the court to look directly to state law to determine

whether the Claimant has the burden of proof to "show an unbroken chain of assignment."  Brief

at 7.  If the Claimant has that burden, then the proof of claim should be disallowed as

"insufficient on its face."  They contend that requiring more from the Debtors inappropriately

shifts the burden of proof to them and lowers the burden for the Claimant to a level below what

state law imposes.  Finally, the Debtors urge the court to adopt a rule requiring appropriate

documentation in order to impose a burden on the creditors to discourage the filing of large

numbers of claims which the creditors do not defend and which are ultimately disallowed. The

Debtors note that 98% of the claims on the spreadsheet were disallowed.

The court finds there is support for most of the Debtors' argument, but it is the

minority view. *In re Richter*, 478 B.R. 30 (Bankr. D. Colo. 2012).  Because the Sixth Circuit has

4

signaled its approval of the majority view, the court must reject the Debtors' argument.   *B-Line,*

*LLC v. Wingerter (In re Wingerter)*, 594 F.3d 931, 941 (6th Cir. 2010).  An allegation of lack of

documentation is not a valid objection even if the Debtors re-characterize it as an objection to

standing.

> A valid objection to standing must raise a factual dispute about
> who is the holder of the claim.  The Debtors must allege that, to the
> best of their knowledge, information, and belief, either (a) they
> owe someone else or (b) they do not owe the obligation at all. In
> addition the court does not find support for holding otherwise
> based on the Debtor's desire to impose a heavier burden on
> creditors in order to lighten the Debtors' burden to review the
> proofs of claims which have been filed, especially when the burden
> is imposed by the Bankruptcy Code and Rules.

*In re Gorman*, No. 10-16622, 2013 WL 2284985, at *3 (Bankr. E.D. Tenn. May 23, 2013).

Although the Debtors raised four objections to the proof of claim filed by the

Claimant, they withdrew three of them at the hearing on March 14.  The only objection they

continued to assert was the objection based on the Claimant's failure to attach documentation

evidencing how it became the owner of the claim.  For the reasons stated in the court's

Memorandum in *In re Gorman*, No. 10-16622, 2013 WL 2284985, at *5-7 (Bankr. E.D. Tenn.

May 23, 2013), which case was argued contemporaneously with this objection, the court finds

that the proof of claim is not prima facie evidence of the amount and validity of the claim.  There

are no supporting documents evidencing the underlying debt or how Claimant came to be the

holder of the debt.  There is no explanation offered for the loss or lack of documentation.

Nevertheless, the only basis for disallowance raised by the Debtors was the lack of

documentation evidencing the Claimant's standing, and that is not a valid basis for disallowance

of the proof of claim under 11 U.S.C. § 502(b).  *In re Gorman*, No. 10-16622, 2013 WL

2284985, at *10-13 (Bankr. E.D. Tenn. May 23, 2013).  The court will overrule the Debtors'
objection based on failure to attach documentation showing that the Claimant is the holder of the
claim.  Because the Debtors requested an opportunity to renew their withdrawn objections in the
event the court overruled their objection based on lack of documentation and because the
Debtors did raise the statute of limitations as a defense, the court will grant that request.

Accordingly, it is ORDERED:

1.   The "Objection by Debtor(s) to Claim No. 8 Filed by Resurgent Capital
Services as Agent to CVF Consumer Acquisition Company Its Successors and Assigns as
Assignee of NCO Portfolio Management" with respect to the failure to attach documentation
showing the Claimant as holder of the claim is overruled.

2.   The Debtors are afforded fourteen days to amend or renew their objection,
failing which the objection shall be overruled without prejudice.

# # #

6